UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:93-cr-304-T-23TGW
  8:14-cv-1256-T-23TGW

HENRY FRANCIS
_____/

**O R D E R**

The earlier order (Doc. 3) dismisses Francis's motion to vacate under 28 U.S.C. § 2255 because Francis must obtain permission from the circuit court to pursue a second or successive motion to vacate. The earlier order also declined to issue a certificate of appealability ("COA").

Francis both objects to the determination that his motion to vacate is second or successive and requests a COA. (Doc. 4) Asserting entitlement to a new limitation under Section 2255(f)(3), Francis contends that he needs no permission to proceed with his current motion to vacate because he moves to vacate his sentence within one year of several Supreme Court decisions that he contends apply retroactively. Francis misunderstands the distinction between Section 2255(f)(3) and Section 2255(h)(2). Section 2255(f)(3) authorizes a new limitation for filing a **first** motion to vacate within one year of a Supreme Court decision whereas Section 2255(h)(2) authorizes a new limitation for filing a **second or successive** motion to vacate based

on a new Supreme Court decision.  Francis must obtain permission from the circuit court under Section 2255(h) before he may proceed with a second or successive motion to vacate under Section 2255(h)(2).

Accordingly, Francis's request for a certificate of appealability (Doc. 4) is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Francis must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 25, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE